UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
ROY MCMILLAN,

|                                              |                              |
|----------------------------------------------|------------------------------|
|                          Plaintiff,          | **SECOND AMENDED COMPLAINT** |
|              -against-                        |                              |
| THE CITY OF NEW YORK,                         | 15 CV 5799 (ENV) (JO)        |
| P.O. JONVINCE TESTACCIO, Shield No. 17571, Individually and in his Official Capacity, | |
| P.O. FAZILATU NESSA, Shield No. 19100, Individually and in her Official Capacity, | JURY TRIAL DEMANDED |
| P.O. GARRETT GORHAM, Shield No. 12001, Individually and in his Official Capacity, and | |
| P.O. BEK UGUR, Shield NO. 6681, Individually and in his Official Capacity, | |
|                          Defendants.          |                              |

Plaintiff, ROY MCMILLAN, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Second Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claims arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, ROY MCMILLAN, is, and has been, at all relevant times, a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

### THE OCTOBER 6, 2013 INCIDENT

13.     On or about October 6, 2013 at approximately 12:15 a.m., plaintiff ROY MCMILLAN, was lawfully present inside of his parked vehicle in the vicinity of East 49th Street between Linden Boulevard and Church Avenue in Kings County in the State of New York.

14.     At that time and place, Defendants TESTACCIO and NESSA, without probable cause and without any reasonable basis for doing so, approached plaintiff's vehicle and asked plaintiff to step out of his vehicle.

15.     Plaintiff complied and the defendants commenced to search his car without probable cause, privilege, or consent.

16.     Eventually, several additional officers including Defendant Groham arrived at the scene.  At no time on October 6, 2013 did plaintiff commit any crime or violation of law.

17.     At no time on October 6, 2013 did defendants possess probable cause to approach, detain, arrest, or search plaintiff.

18.     At no time on October 6, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

3

19.     Nevertheless, defendants TESTACCIO, NESSA, and GORHAM handcuffed plaintiff's arms tightly behind his back and transported him to a nearby precinct.  At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.  The decision to arrest plaintiff was objectively unreasonable under the circumstances.

20.     In arresting plaintiff, defendants caused unnecessary, unprovoked, and unreasonable bruising and abrasions to plaintiff's body. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary, reasonable, lawful, or appropriate.

21.     In connection with plaintiff's arrest, the defendants filled out false and misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

22.     As a direct result of defendants' actions, plaintiff was charged with Unlawful Possession of Marijuana, Resisting Arrest, and related charges.

23.     As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

24.     As a direct result of defendants' action, plaintiff was required to make numerous court appearances and was maliciously prosecuted as a result of the defendants' false statements and unlawful actions.

25.     Despite defendants' action, on July 28, 2015, all charges against plaintiff were dismissed in their entirety.

4

**May 29, 2014 INCIDENT**

26.     On or about May 29, 2014 at approximately 1:25 a.m., plaintiff ROY MCMILLAN, was lawfully present inside of his parked vehicle in the vicinity of Ditmas Avenue and East 87th Street in Kings County in the State of New York.

27.     At that time and place, defendant officers, including defendant BEK and GORHAM, approached plaintiff's vehicle and asked him to exit the vehicle.

28.     Plaintiff complied and the defendants commenced to search his car without probable cause, privilege, or consent.

29.     At no time on May 29, 2014 did plaintiff commit any crime or violation of law.

30.     At no time on May 29, 2014 did defendants possess probable cause to arrest plaintiff.

31.     At no time on May 29, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

32.     Nevertheless, defendants handcuffed plaintiff's arms tightly behind his back and transported him to a nearby precinct.  At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.  The decision to arrest plaintiff was objectively unreasonable under the circumstances.

33.     In connection with plaintiff's arrest, the defendants filled out false and misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

34.     As a direct result of defendants' action, plaintiff was charged with Unlawful Possession of Marijuana, Criminal Possession of Stolen Property, and related charges.

35.     As a direct result of his unlawful arrest and the unlawful acts of defendants, plaintiff spent approximately twenty-four hours in custody.

36.    As a direct result of defendants' action, plaintiff was required to make numerous court appearances.

37.    Despite defendants' action, on June 12, 2015 all charges against plaintiff were dismissed when he was acquitted after trial.

38.    All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under color of state law.

39.    As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

40.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

42.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF**
**FOR FALSE ARREST**
**UNDER 42 U.S.C. § 1983 FOR THE OCTOBER 6, 2013 AND MAY 29, 2014 INCIDENTS**

44.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45.    As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

46.    As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**SECOND CLAIM FOR RELIEF**
**FOR UNLAWFUL SEARCH**
**UNDER 42 U.S.C. § 1983 FOR THE OCTOBER 6, 2013 AND MAY 29, 2014 INCIDENTS**

47.    Plaintiff, ROY MCMILLAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

48.    Plaintiff was subjected to a thorough and complete search of his person and property without privilege, consent, probable cause, or, upon information and belief, a validly obtained warrant.

49.    As a result of the foregoing, plaintiff, ROY MCMILLAN, was subjected to an unreasonable and intrusive search in violation of his right to be free from unreasonable search, as secured by the Constitution of the United States.

7

**THIRD CLAIM FOR RELIEF**
**FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 FOR THE OCTOBER 6, 2013 AND MAY 29, 2014 INCIDENTS**

50.    Plaintiff, ROY MCMILLAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51.    Defendants misrepresented and falsified evidence before the Kings County District Attorney.

52.    Defendants did not make a complete and full statement of facts to the District Attorney.

53.    Defendants withheld exculpatory evidence from the District Attorney.

54.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

55.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

56.    Defendants acted with malice in initiating criminal proceedings against plaintiff.

57.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

58.    Defendants lacked probable cause to continue criminal proceedings against plaintiff.

59.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

60.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

61.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF**
**FOR FABRICATION OF EVIDENCE UNDER 42 U.S.C. § 1983 FOR THE OCTOBER 6, 2013 AND MAY 29, 2014 INCIDENTS**

62.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

63.     Plaintiff was subjected to denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

64.     At no time did defendants have any legal basis for commencing criminal process plaintiff  him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

65.     The defendants are therefore liable to plaintiff for denial of due process and fair trial.

66.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**FIFTH CLAIM FOR RELIEF**
**FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983 FOR THE OCTOBER 6, 2013 AND MAY 29, 2014 INCIDENTS**

67.     Plaintiff, ROY MCMILLAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

68.     Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

9

69.     Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

70.     As a result of the foregoing, plaintiff, ROY MCMILLAN, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**SIXTH CLAIM FOR RELIEF**
**FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 FOR THE OCTOBER 6, 2013 AND MAY 29, 2014 INCIDENTS**

71.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

72.     Plaintiff was subjected to excessive force by the defendants which caused abrasions and pain to his body.

73.     At no time did defendants have any legal basis for subjecting plaintiff to excessive force nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

74.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**SEVENTH CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 FOR THE OCTOBER 6, 2013 AND MAY 29, 2014 INCIDENTS**

75.     Plaintiff, ROY MCMILLAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

76.     Defendants arrested and incarcerated plaintiff, ROY MCMILLAN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and

incarceration would jeopardize plaintiff's liberty, well-being, and safety and violate his constitutional rights.

77.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

79.     Those customs, policies, patterns, and practices include, but are not limited to:

    i.      requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.     failing to properly train police officers in the requirements of the United States Constitution.

80.     The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.      arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.     arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.    falsifying evidence and testimony to support those arrests;

11

iv.      falsifying evidence and testimony to cover up police misconduct.

81.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ROY MCMILLAN.

82.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

83.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

84.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

85.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

86.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

87.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      On the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.     On the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.    On the Seventh Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.     Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

v.   Such other relief as the Court deems just and proper.

Dated: New York, New York
       August 18, 2016

                Respectfully submitted,

                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                *Counsel for the Plaintiff*

                    /S/
By:     JESSICA MASISMI (JM-2920)
        32 Old Slip, 8th Floor
        New York, New York 10005
        (212) 962-1020